NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANDRE JUDSON, | : | **Hon. William J. Martini** |
| | : | |
| Petitioner, | : | Civil Action No. 05-0697 (WJM) |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| LYDELL SHERRER, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

    ANDRE JUDSON, #339413B
    Northern State Prison
    P.O. Box 2300
    Newark, New Jersey  07114
    Petitioner Pro Se

    PAULA T. DOW, ESSEX COUNTY PROSECUTOR
    GARY A. THOMAS, ASSISTANT PROSECUTOR
    Essex County Courts Building
    Newark, New Jersey  07102
    Attorneys for Respondents

**MARTINI, District Judge**

    Andre Judson filed a Petition for a Writ of Habeas Corpus challenging the calculation of a sentence for murder imposed by the Superior Court of New Jersey on January 23, 1989. Specifically, Petitioner contends that the failure of the New Jersey Department of Corrections ("NJDOC") to deduct 4,930 days of commutation and work credits from his 30-year non-parolable sentence for murder violates the Ex Post Facto Clause and the Due Process Clause. Respondents filed an Answer seeking dismissal of the Petition as time barred, see 28 U.S.C. §

2244(d), and on the merits. Petitioner filed a Traverse. For the reasons expressed below, the Court will dismiss the Petition for lack of jurisdiction and deny a certificate of appealability.

## I.  BACKGROUND

On January 23, 1989, the Superior Court of New Jersey, Essex County, sentenced Petitioner to a term of 30 years, without eligibility for parole, see N.J. Stat. Ann. § 2C:11-3(a) and (b), based on his conviction for purposeful or knowing murder. Petitioner appealed, and on May 17, 1990, the Superior Court of New Jersey, Appellate Division, affirmed the conviction and sentence. Petitioner filed a petition for certification, which the New Jersey Supreme Court denied on July 10, 1990. State v. Judson, 122 N.J. 327 (1990) (table).

In 1993, Petitioner filed a first state petition for post conviction relief, which the Law Division denied. Petitioner appealed, arguing that he received ineffective assistance of counsel and that his sentence of 30 years without parole was illegal for failing to deduct commutation and work credits. In an opinion filed May 19, 1995, the Appellate Division found that trial counsel was not constitutionally ineffective and that New Jersey law does not permit commutation and work credits to be deducted from Petitioner's sentence. State v. Judson, Docket No. A-5101-93T4 slip op. (Super. Ct. of N.J., App. Div., May 19, 1995). Specifically, as to the claim regarding credits, the Court ruled:

> [A]s to defendant's remaining claim, a thirty-year period of parole ineligibility was imposed on his thirty-year sentence for murder, against which commutation and work time cannot be credited. N.J.S.A. 30:4-123.51. He thus will receive cash pursuant to N.J.S.A. 30:4-92 and N.J.A.C. 10A:9-5.1(b)2. No constitutional issue is presented by this scheme. In sum, defendant's arguments are clearly without merit. R. 2:11-3(e)(2).

State v. Judson, Docket No. A-5101-93T4 slip op. at p. 3 (Super. Ct. of N.J., App. Div., May 19, 1995).  On October 24, 1995, the Supreme Court of New Jersey denied certification.  See State v. Judson, 142 N.J. 575 (1995) (table).

On September 25, 1996, the Clerk of this Court accepted Petitioner's first petition for writ of habeas corpus ("first petition") pursuant to 28 U.S.C. § 2254 for filing.  See Judson v. Morton, Civil No. 96-4567 (JCL) (D.N.J. filed Sept. 25, 1996).  After the State filed an answer and a copy of the state court record, on April 3, 1998, United States District Court Judge John C. Lifland denied the petition.  Petitioner filed a notice of appeal, and on February 2, 1999, the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of jurisdiction as untimely.

Petitioner filed a second state petition for post conviction relief in the Law Division in 2002.¹  On September 4, 2002, the Law Division entered an order denying relief.  Petitioner appealed, arguing that officials unconstitutionally failed to deduct commutation and work credits from his 30-year sentence without parole.  In an opinion filed June 23, 2003, the Superior Court of New Jersey, Appellate Division, affirmed the order denying post conviction relief.  See State v. Judson, Docket No. A-1156-02T1 slip op. (Super. Ct. of N.J., App. Div., June 23, 2003).  The Appellate Division rejected Petitioner's claims as follows:

> His claim of unconstitutionality arises from the fact that neither commutation nor work time credits apply to a sentence imposed without parole.  This precise issue was raised in the prior PCR application and directly addressed by us in the appeal therefrom . . .

---

¹ Petitioner asserts that "[a]fter learning of Ms. Perry's release in 2002, petitioner re-filed for his 'good time credits' in the Superior Court Law Division.  The Honorable Paul Vichness held that Merola - which was decided after petitioner's case - prevented the application of his 'good time credits.'"  (Mem. of Law in Support of Petition, p. 16.)

3

> Defendant's reliance upon our decision in <u>Bender v. New Jersey Dep't of Corr.</u>, 357 N.J. Super. 432 (App. Div. 2003), decided after the trial judge's second PCR decision, is misplaced. <u>Bender</u> did not involve a term without parole. There is no entitlement to commutation or work time credits when such a sentence is imposed.

<u>State v. Judson</u>, Docket No. A-1156-02T1 slip op. at 2. On October 16, 2003, the Supreme Court of New Jersey again denied certification. See <u>State v. Judson</u>, 178 N.J. 31 (2003) (table).

On February 2, 2005, Petitioner executed the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, which is now before the Court. The Clerk received it on February 3, 2005. Petitioner challenges the calculation of his New Jersey sentence on the ground that the NJDOC is unconstitutionally relying on <u>Merola v. Dep't of Corrections</u>, 285 N.J. Super. 501 (App. Div. 1995), to deny commutation and work credits. He states that he was sentenced in 1989 to "a term of 30 years, during which the person shall not be eligible for parole," pursuant to N.J. Stat. Ann. § 2C:11-3(b)(1). He asserts that the NJDOC calculated 3,941 days of commutation credits and 989 days of work credits on his sentence, and retroactively cancelled the credits in 1995 pursuant to the ruling in <u>Merola</u> that use of the term "not eligible for parole" denotes a mandatory minimum sentence which is not subject to reduction through commutation and work credits. Petitioner argues that application of <u>Merola</u> and the 1997 and 2000 statutory amendments to N.J. Stat. Ann. § 2C:11-3 (which, he asserts, codified <u>Merola</u>) to his 1989 sentence violates the Due Process and Ex Post Facto Clauses of the United States Constitution.

The government filed an Answer arguing that the Petition should be denied on the merits and as untimely under 28 U.S.C. § 2244(d). Petitioner filed a Traverse arguing that "the Appellate Division . . . erected the ex post facto violation when it decided <u>Merola v. Department</u>

4

of Corrections that allowed the retroactive cancellation of petitioner's good time credits long after petitioner received those credits." (Traverse at p. 2.)

## II.  DISCUSSION

A.  Jurisdiction

Petitioner labeled his Petition under 28 U.S.C. § 2241.  Section 2241 confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  Section 2254 of Title 28 confers jurisdiction on district courts to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A state prisoner challenging the fact or duration of his incarceration pursuant to a state conviction must use § 2254, see Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001), and may not resort to § 2241 unless he shows that § 2254 is inadequate or ineffective to test the legality of his detention, see Swain v. Pressley, 430 U.S. 372 (1977).

A § 2254 petition is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 225[4] proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  Section 2241 "exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  Id. at 539.  Section 2254 is not "inadequate or ineffective" merely

because the one-year statute of limitations has expired under § 2254 or the petitioner is unable to meet the stringent gatekeeping requirements for a successive petition under § 2254(b)(2).  Id.

In this case, Petitioner's challenge to the calculation of his sentence may not be entertained under 28 U.S.C. § 2241 because 28 U.S.C. § 2254 is not "inadequate or ineffective" to test the legality of his detention.  See Cradle, 290 F.3d at 538; In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).  "The label placed on a petition, however, is not determinative." Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998).  Given that the Petition before this Court is not Petitioner's first § 2254 petition, this Court will consider whether it has jurisdiction over the Petition under 28 U.S.C. § 2254.[2]

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which severely limits a district court's jurisdiction over second or successive § 2254 petitions.  As a procedural matter, § 2244(b)(3)(A) "establishes a 'gatekeeping' mechanism that requires a prospective applicant to 'file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.'"[3]  Benchoff v. Colleran, 404 F.3d

---

[2] See Castro v. United States, 540 U.S. 375 (2003) (holding that a district court cannot recharacterize a pro se litigant's application as the litigant's first § 2255 motion unless the court warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's second or successive restrictions and provides the litigant an opportunity to withdraw, or to amend the filing; where this is not done, a recharacterized motion will not count as a first § 2255 motion for purposes of applying the "second or successive" restriction).

[3] "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

812, 816 (3d Cir. 2005) (quoting Felker v. Turpin, 518 U.S. 651, 657 (1996)).  Once a petitioner moves for authorization to file a second or successive § 2254 application, a three-judge panel of the court of appeals must decide within 30 days whether there is a prima facie showing that the application satisfies the substantive requirements of § 2244(b)(2).  See 28 U.S.C. § 2244(b)(3)(D); Benchoff, 404 F.3d at 816.

The substantive standard, see 28 U.S.C. § 2244(b)(2), requires that a claim presented in a "second or successive" § 2254 petition "shall be dismissed" unless:

>  (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> 
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> 
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A) and (B).

"Unless both the procedural and substantive requirements of § 2244 are met, the District Court lacks authority to consider the merits of the [second or successive] petition."  Benchoff, 404 F.3d at 816.

Under the holding of Benchoff v. Colleran, 404 F.3d 812, this Court lacks jurisdiction over the Petition under 28 U.S.C. § 2254 because the Petition would constitute a "second or successive" petition and Petitioner fails to satisfy either the procedural or substantive requirements for filing a successive petition.  Benchoff presented the question of "whether a

petition challenging the administration of a [state] petitioner's sentence . . . should be considered a 'second or successive' petition over which the District Court lacked subject matter jurisdiction under 28 U.S.C. § 2244, if the petitioner had filed a prior petition that challenged the underlying conviction or sentence." Id. at 813.  Observing that the AEDPA does not define "second or successive" petition, the Third Circuit looked to the abuse of the writ doctrine for guidance.  Id. at 816-17.  Noting that the abuse of the writ doctrine "bar[s] claims that could have been raised in an earlier habeas corpus petition, [the Third Circuit ruled that] a subsequent petition that challenges the administration of a sentence is clearly *not* a 'second or successive' petition within the meaning of § 2244 if the claim had not arisen or could not have been raised at the time of the prior petition." Id. at 817.  The Third Circuit reasoned that, to avoid a "second or successive" bar, a petitioner must raise claims relating to execution of the sentence in the same petition as claims challenging the underlying conviction if the petitioner "knew of all the facts necessary to raise his [execution of sentence] claim before he filed his initial [§ 2254] petition." Id. at 818 (quoting Crone v. Cockrell, 324 F.3d 833, 837 (5th Cir. 2003)).  The Third Circuit determined that, because the factual predicate (the decision denying parole) had arisen before Benchoff filed his first § 2254 petition challenging his underlying conviction, his second § 2254 petition challenging the denial of parole was a "second or successive" petition within 28 U.S.C. § 2244(b).

In this case, Petitioner knew in 1996 when he filed his first § 2254 petition in this Court that the NJDOC would not deduct commutation and work credits from his 30-year sentence without parole. (Petitioner raised this claim in when he filed his first state petition for post conviction relief in 1993.)  Thus, the factual predicate of the claims asserted in the Petition

8

before this Court could have been included in Petitioner's first § 2254 petition filed in September 1996.  Under the doctrine of Benchoff, this Court lacks jurisdiction over these claims because Petitioner has not satisfied the procedural or substantive requirements for the filing of a "successive petition" under § 2244(b).  Because this Court lacks jurisdiction over the Petition under §§ 2241 and 2254, this Court will dismiss the Petition for lack of jurisdiction.[4]

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the

---

[4] Even if this Court had jurisdiction over Petitioner's claims, they appear to be without merit.  Petitioner asserts that, in accordance with a new interpretation of N.J. Stat. Ann. § 2C:11-3(b) by the Appellate Division in Merola v. Dep't of Corrections, 285 N.J. Super. 501 (App. Div. 1995), the NJDOC retroactively cancelled his commutation and work credits of 4,930 days.  Thus, Petitioner argues that the retroactive application of the ruling of Merola to his conviction, which occurred five years before Merola, violates the Due Process and Ex Post Facto Clauses.  The problem with Petitioner's argument is that Merola did not change the way N.J. Stat. Ann. § 2C:11-3(b) was interpreted when Petitioner was convicted in 1989.  See Merola, 285 N.J. Super. at 508 (citing State v. Davis, 175 N.J. Super. 130 (App. Div.), certif. denied, 85 N.J. 136 (1980), and State v. Ramseur, 106 N.J. 123 (1987), Appellate Division emphasized that use of the phrase "not eligible for parole" in N.J. Stat. Ann. § 2C:11-3(b) unquestionably denotes a mandatory minimum sentence, and that "New Jersey courts have consistently held that N.J.S.A. 2C:11-3b imposes a thirty-year mandatory minimum sentence on non-capital murderers").  Moreover, the Merola court rejected the very argument Petitioner raises here and this Court has no power to overrule the New Jersey courts' interpretation of New Jersey law.

denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus for lack of jurisdiction and denies a certificate of appealability.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED: September 11, 2006